IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| THE FLAG CO.,<br><br>    Plaintiff,<br><br>     v.<br><br>BILL MAYNARD, STEVE ADAMS,<br>and RONALD THOMAS a/k/a/<br>RONALD ROTHSTEIN,<br><br>    Defendants. | No.  CV-05-1194-HU<br><br>FINDINGS & RECOMMENDATION |

Eugene H. Buckle
COSGRAVE VERGEER KESTER LLP
805 S.W. Broadway, 8th Floor
Portland, Oregon 97205

Howard Foster
JOHNSON & BELL, LTD.
55 E. Monroe Street, Suite 4100
Chicago, Illinois 60603

    Attorneys for Plaintiff

George J. Cooper
DUNN CARNEY ALLEN HIGGINS & TONGUE LLP
851 S.W. Sixth Avenue, Suite 1500
Portland, Oregon 97204

/ / /

/ / /

/ / /

1 - FINDINGS & RECOMMENDATION

```
 1  Mary Ann L. Wymore
    GREENSFELDER, HEMKER & GALE, P.C.
 2  10 South Broadway, Suite 2000
    St. Louis, Missouri 63102
 3
            Attorneys for Defendants Maynard & Adams
 4
    James S. Cromar
 5  HELZER & CROMAR
    4900 S.W. Griffith Drive
 6  Beaverton, Oregon 97005

 7  Griswold L. Ware
    VURDELJA & HEAPHY
 8  120 North LaSalle Street, Suite 1150
    Chicago, Illinois 60602
 9
            Attorneys for Defendant Rothstein a/k/a/Thomas
10
    HUBEL, Magistrate Judge:
11
```

Plaintiff The Flag Company brings this action under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968, against defendants Bill Maynard, Steve Adams, and Ronald Thomas a/k/a Ronald Rothstein[1]. Plaintiff moves to strike the affirmative defenses pleaded by Maynard and Adams in their Answers to plaintiff's Second Amended Complaint. I recommend that the motion be granted in part and denied in part.

DISCUSSION

Plaintiff brings two RICO claims: one under 18 U.S.C. § 1962(c) and the other under 18 U.S.C. § 1962(d). Plaintiff alleges that defendants conspired to induce it to purchase "blast faxing" services through fraudulent interstate wire transmissions. Plaintiff defines "blast faxing" as the sending of large numbers of unsolicited facsimile advertisements to potential customers throughout the nation. Sec. Am. Compl. at ¶ 2. Plaintiff contends that as an integral part of the scheme perpetrated by defendants,

---

[1] For ease of reference, I refer to this defendant simply as Rothstein.

2 - FINDINGS & RECOMMENDATION

defendants omit to inform their "victims" that sending unsolicited fax advertisements violates the federal Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, which can subject the victim to a $500 penalty and attorneys' fees for each fax sent. Id.; see also Id. at ¶¶ 18, 19 (alleging that Rothstein omitted to inform plaintiff that he was selling services which were illegal under the TCPA and which would subject plaintiff to civil liability and that if plaintiff knew that the blast fax services were illegal, it would not have purchased them).

Following the resolution of defendants' motion to dismiss for failure to state a claim, each defendant filed an Answer. Maynard and Adams are both represented by the same counsel and though they filed separate Answers, they assert the identical thirteen affirmative defenses. Thus, I discuss them jointly.

I.   Affirmative Defenses #s 1 - 4

In these affirmative defenses, Maynard and Adams raise various constitutional challenges to the TCPA. Plaintiff contends they should be stricken because this is a RICO case, not a TCPA case, and because whether the TCPA is declared unconstitutional in this District has no bearing on TCPA claims against plaintiff in other jurisdictions. Plaintiff also notes that the unconstitutionality of the TCPA is not relevant to the damages plaintiff has already paid to settle the TCPA lawsuits brought against it.

Defendants contend that given the nature of plaintiff's claims in this case, which are based on an allegation that defendants conspired to fail to inform its clients regarding the illegality of its services under the TCPA, the constitutionality of the TCPA goes to the heart of the claims. Plaintiff concedes that defendants'

3 - FINDINGS & RECOMMENDATION

argument has potential application to any future lawsuits against plaintiff which are at issue in plaintiff's declaratory judgment claim.   Plaintiff contends that any ruling on the TCPA's constitutionality in that context should be deferred until an actual TCPA case is brought against plaintiff.

I reject plaintiff's argument.  Plaintiff's concession that the constitutionality of the TCPA could be relevant to the declaratory judgment claim is enough to conclude that striking these four affirmative defenses would be inappropriate.   I recommend that the motion as to affirmative defenses 1 - 4 be denied.

II.  Affirmative Defenses #s 5, 7, 8, 11, 12

These affirmative defenses raise the following issues: unclean hands (fifth), failure to mitigate damages (seventh), waiver and estoppel (eighth), assumption of risk (eleventh), and release (twelfth).   Plaintiff moves to strike all as being inadequate "barebones" legal assertions which do not satisfy Federal Rule of Civil Procedure 8(b).  Plaintiff contends the pleadings inadequately inform it as to the assertions against it.

In response, defendants contend that a "terms of use" document given to plaintiff in discovery provides the appropriate context for these affirmative defenses.  I recommend that plaintiff's motion as to these affirmative defenses be granted, but that defendants be given leave to amend and replead them to include sufficient facts to explain the nature of the defense.

III.  Affirmative Defenses #s 6 and 10

The sixth affirmative defense asserts failure to state a claim and the tenth asserts the lack of personal jurisdiction. Plaintiff

4 - FINDINGS & RECOMMENDATION

moves to strike these as having already been adjudicated in plaintiff's favor. Although defendants might have intended to rely on a previously unadjudicated basis for its failure to state a claim affirmative defense, defendants did not articulate one in response to this motion. Thus, I agree with plaintiff that the failure to state a claim affirmative defense has been decided contrary to these defendants and that affirmative defense should be stricken.

As to the lack of personal jurisdiction, defendants note that Judge Gettleman in the Northern District of Illinois decided the personal jurisdiction issue on the basis of written submissions and resolved any conflicts in the pleadings and affidavits in plaintiff's favor. Flag Co. v. Maynard, 376 F. Supp. 2d 849. 852-53 (N.D. Ill. 2005). When determining jurisdiction in this fashion, the plaintiff is required to prove only a prima facie case of jurisdictional facts. E.g., Data Disc, Inc. v. Systems Tech. Assocs., Inc., 557 F.2d 1280, 1285 (9th Cir. 1977); see also Butler v. Adoption Media, LLC, No. 04-CV-0135, 2005 WL 1513142, at *3-4 (N.D. Cal. June 21, 2005) (when court relies on written submissions rather than holding a full evidentiary hearing, the party asserting jurisdiction need only make a prima facie case that personal jurisdiction exists).

When the court denies a motion to dismiss for lack of personal jurisdiction based on the prima facie case presented by the plaintiff, the case proceeds to trial without a waiver of the jurisdictional challenge and the defendant may later contest the plaintiff's prima facie showing. Butler, 2005 WL 1513142, at *3-4. The plaintiff still bears the burden of proof on personal

5 - FINDINGS & RECOMMENDATION

jurisdiction at the time of trial.  Lake v. Lake, 817 F.2d 1416, 1450 (9th Cir. 1987); Data Disc, 557 F.2d at 1285.

Thus, the issue of personal jurisdiction remains relevant in this case because defendants may still challenge this Court's jurisdiction over them.[2]  I recommend that the motion to strike the tenth affirmative defense be denied.

IV.  Affirmative Defense #9

This affirmative defense asserts that plaintiff's claims are barred by the statute of limitations.  Plaintiff argues that the RICO statute of limitations is four years and because this case was filed within that time period, the affirmative defense is frivolous.  Defendants contend that the issue is relevant to the declaratory judgment claim which seeks damages for future liabilities.  I agree with defendants that the defense should not be stricken.

V.  Affirmative Defense #13

This affirmative defense asserts that plaintiff's claims are barred because defendants did not have a high degree of involvement in the transmission of any faxes for or on behalf of plaintiff.  Plaintiff contends the defense must be stricken because the "high degree of involvement" standard is relevant to a TCPA claim, not a RICO claim.  I agree with plaintiff and recommend that the defense be stricken.

---

[2] I note, however, that should defendants choose to challenge the prima facie case of jurisdiction, I will not conduct a separate evidentiary hearing on the issue but will require the issue to be addressed at the trial on the merits.  At that time, the parties can address the issue of whether resolution of disputed facts relevant to the jurisdiction analysis should be handled by the jury.

6 - FINDINGS & RECOMMENDATION

CONCLUSION

I recommend that plaintiff's motion to strike (#117), be granted in part and denied in part.

SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due July 14, 2006. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due July 28, 2006, and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

Dated this  29th  day of  June  , 2006.

    /s/ Dennis James Hubel
Dennis James Hubel
United States Magistrate Judge

7 - FINDINGS & RECOMMENDATION